UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IN RE: KINGSLEY UROMU-OKPE ARIEGWE

Case No. 2:25-cv-02478-ART-EJY

SCREENING ORDER

Petitioner Kingsley Uromu-Okpe Ariegwe, an immigration detainee, has filed what this Court has construed as a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241, moved for leave to proceed *in forma pauperis* ("IFP"), and moved for the appointment of counsel. (ECF No. 1-1 ("Petition"), 3 ("IFP Application"), 4 ("Motion for Counsel").) The Court finds that good cause exists to grant the IFP Application. Following a preliminary review of the Petition,[1] the Court first finds that the Petition suffers from a procedural defect; namely, Petitioner has not listed the warden of Nevada Southern Detention Center as a respondent in this action. Second, the Court finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[2] Third, because the Petition establishes a *prima facie* case for relief, the Court directs that it be served on the United States Attorney's Office for the District of Nevada, given that they will be representing at least one respondent in this matter following the filing of the counseled amended petition.

It is therefore ordered that the IFP Application (ECF No. 3) is granted.

It is further ordered that the Motion for Counsel (ECF No. 4) is granted. The

---

[1] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

1  Federal Public Defender for the District of Nevada is appointed to represent the
2  Petitioner and is directed to file a notice of appearance (or indicate its inability to
3  represent the Petitioner) within 7 days of the date of this Order. If the Federal
4  Public Defender is unable to represent the Petitioner, alternate counsel will be
5  appointed. Appointed counsel will represent the Petitioner in all federal
6  proceedings related to this matter, including any appeals or certiorari
7  proceedings, unless allowed to withdraw.

8  It is further ordered that if the Federal Public Defender files a notice of
9  appearance in this matter, it will then have 14 days to file an amended petition.
10 The Federal Public Defender shall effectuate service of the amended petition on
11 the Respondents.

12 It is further kindly ordered that the Clerk of the Court:

13   1. **DELIVER** a copy of the Petition (ECF No. 1-1) and this Order to the
14      U.S. Marshal for service.

15   2. **ADD** the United States Attorney for the District of Nevada and John
16      Mattos, the Warden of Nevada Southern Detention Center, to the
17      docket as Interested Parties.

18   3. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and
19      this Order to the United States Attorney's Office for the District of
20      Nevada, at Sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov,
21      Veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, pursuant
22      to Federal Rule of Civil Procedure 5(b)(2)(E).

23 It is further ordered that the U.S. Marshal **SERVE** a copy of the Petition
24 (ECF No. 1-1) and this Order on the United States Attorney for the District of
25 Nevada or on an Assistant United States Attorney or clerical employee designated
26 by the United State Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of
27 Civil Procedure.

28 It is further ordered that the United States Attorney's Office for the District

of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the amended petition within 7 days of service of the Petitioner's counseled amended petition. The Respondents must file with their answer any documents reference or relied upon in their responsive pleading.[3] The Petitioner will then have 7 days to file a reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the Respondents shall not transfer the Petitioner out of this District.[4]

It is further ordered that the filing at ECF No. 5 is denied because it appears to be a duplicate of the filing at ECF No. 1-1.

DATED THIS 29th day of December 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").